

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEREMY ALLEN CROZIER,

          Plaintiff,

vs.

ADAM ENDEL, *et al.*,

          Defendants.

Case No. 3:09-cv-0326-RCJ-RAM

**ORDER**

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-2). Plaintiff has also filed numerous motions with the Court. The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

///

violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

///

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

Plaintiff sues Defendants Adam Endel, Catherine Cortez-Masto, Claude Willis, Debra Brooks, E.K. McDaniel, Howard Skolnik, James G. Cox, John Doe Lightsey, Jim Gibbons, John Doe, Mark Drain, Renee Baker, and Ross Miller in both their individual and official capacities for violation of his constitutional rights. In Count I, Plaintiff claims that he was denied from receiving an erotic magazine publication because it was deemed "sexually explicit" in violation of his First Amendment rights. In Count II, Plaintiff claims that this censorship amounted to denial of his First Amendment rights without due process in violation of the Fourteenth Amendment. In Count III, Plaintiff claims that these violations forced him to spend his time learning law research skills and perform legal research in order to bring his claims in violation of Plaintiff's First, Sixth, and Fourteenth Amendment rights. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

### A. Count 1

Plaintiff claims that his First Amendment rights were violated when he was denied from receiving an erotic publication because it was deemed "sexually explicit" by prison officials. A prisoner's right to receive publications from outside the prison should be analyzed in light of the *Turner* factors. *See Beard v. Banks*, 548 U.S. 521, 531-33 (2006); *Bahrampour v. Lampert*, 356 F.3d 969, 975-76 (9th Cir. 2004); *Morrison v. Hall*, 261 F.3d 896, 901-02 (9th Cir. 2001); *Mauro v. Arpaio*, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc). When considering prison regulations on incoming publications, "[s]ome content regulation is permissible in the prison context." *McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987); *see also Thornburgh v. Abbott*, 490 U.S. 401, 415-16 (1989); *Mauro*, 188

3

F.3d at 1059. In light of concerns about preventing the sexual harassment of prison guards and other inmates, prison officials may prohibit receipt of sexually explicit materials. *See Bahrampour*, 356 F.3d at 976; *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999); *Mauro*, 188 F.3d at 1060.

Taking the facts in the light most favorable to the Plaintiff, the Court finds as a matter of law that Plaintiff fails to state a claim for a First Amendment procedural due process violation. Plaintiff was not entitled to receive a sexually explicit publication under the First Amendment. Therefore, Plaintiff's claims in Count I are dismissed with prejudice because amendment would be futile.

**B.     Count II**

Plaintiff claims that his Fourteenth Amendment due process rights were violated when prison officials denied him from receiving an erotic publication. Plaintiff maintains that he did not receive a hearing or review of his individual conduct to determine whether denial of his erotic magazine was appropriate in his situation. Plaintiff also states that he was not given written notification of the censorship/rejection, but states elsewhere in his complaint that he did receive notice that his magazine was withheld because it was "sexually explicit."

When prison officials intercept publications, it "must be accompanied by minimum procedural safeguards." *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (citing *Procunier v. Martinez*, 416 U.S. 396, 417-18 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989) ); *see also Krug v. Lutz*, 329 F.3d 692, 696-98 (9th Cir. 2003). Specifically, an inmate "has a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail is being withheld by prison authorities." *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir.1999).

Taking the facts in the light most favorable to the Plaintiff, the Court finds as a matter of law that Plaintiff fails to state a claim for a Fourteenth Amendment procedural due process violation. Plaintiff was not entitled to a hearing or review of his individual circumstances, or even a written determination that his publication was denied. Plaintiff admitted that he received notice that the publication was denied because it was "sexually explicit," which meets the due process requirements under the

///

Fourteenth Amendment. Therefore, Plaintiff's claims in Count II are dismissed with prejudice because amendment would be futile.

### C. Count III

Plaintiff claims that these violations forced him to spend his time learning law research skills and perform legal research in violation of Plaintiff's First, Sixth, and Fourteenth Amendment rights. At the outset, the Court notes that, "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, Plaintiff's claims will be analyzed under the First Amendment right of access to the courts rather any generalized notions of substantive due process under the Fourteenth Amendment.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id.* (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Plaintiff has not demonstrated that he has suffered any actual injury. The fact that he spent time researching the law for his claims, or that he finds the process for accessing legal materials somewhat cumbersome, does not amount to an injury that would render his First Amendment claim legally cognizable. Plaintiff fails to state a claim under the First Amendment upon which relief may be granted.

To the extent that Plaintiff makes reference to equal protection violations, Plaintiff fails to state a claim under the Fourteenth Amendment. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that defendants acted with intentional discrimination against a class of inmates which included the plaintiff. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Plaintiff has not stated that he is a member of a protected class or that he has suffered any discrimination based on his membership in such a class.

Similarly, Plaintiff also fails to state any facts to support a claim under the Sixth Amendment.

Taking the facts in the light most favorable to the Plaintiff, the Court finds as a matter of law that Plaintiff fails to state a claim in Count III upon which relief may be granted. Therefore, Plaintiff's claims in Count III are dismissed with prejudice because amendment would be futile.

### III. Conclusion

Because the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

///

///

///

1  **IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

2  **IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and
3  **ENTER JUDGMENT ACCORDINGLY.**

4  DATED: This 21st day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE